PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. MÁXIMO APONTE, Defendant and Appellant.

No. 2487. Argued May 6, 1925.—Decided June 5, 1925.

KEEPING DISORDERLY HOUSE—PLEADING.—Although in drafting the information the district attorney stated the charges in different tenses, if fairly construed the information can not be regarded as charging different offenses committed at different times.

First District Court of San Juan, Charles E. Foote, J. Judgment of conviction of violation of section 288 of the Penal Code. *Affirmed.*

*Campillo & Campillo* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The record herein consists of an information, judgment and notice of appeal.

From the judgment it appears that the court below overruled a demurrer, and appellant now says that "the court erred in overruling the demurrer and in acquiescing that the violations constituted but one offense, set out in distinct forms and under different counts."

The information reads in substance as follows:

"*First count.*—That in or about the months of January and February of 1924 and in the Boulevard del Valle of the city of San Juan, situated within the First Section of the Municipal Court of the Municipal Judicial District of San Juan and also forming part of the First Judicial District of San Juan, Porto Rico, said defendant Máximo Aponte knowingly, maliciously, wilfully and criminally keeps and as owner and manager controls a small coffee shop or lodging house where there are constant disturbances and breaches of the public peace, the following cases, among others, having occurred there and then for breaches of the public peace, namely, No. 6199, People of Porto Rico v. Etanislao Pimentel; Peo-

ple of Porto Rico v. Antonia Pérez; No. 6985, People of Porto Rico v. E. Baoy et al.; No. 7007, The People of Porto Rico v. Martín Parrilla. It is further alleged that in each of these cases the defendants were found guilty and have conformed to the judgments, which have now become final.

"*Second count.*—That said Máximo Aponte, there and then, knowingly, maliciously, wilfully and criminally kept and still keeps on the upper floor of said house a recreation or dancing hall which is frequented by known prostitutes who are repeatedly disturbing the peace, comfort and decorum of the immediate neighborhood, and on which said prostitutes dance with men in an immoral and disorderly manner, using there and then a number of obscene and unbecoming expressions in a loud voice in the hearing of women and children who reside in the vicinity, such as . . . .

"*Third count.*—That said defendant Máximo Aponte maliciously, wilfully and criminally there and then keeps a third floor in the said house for the renting of rooms to known prostitutes, knowing that the same are to be used for purposes of assignation and prostitution.

"The facts set out in the three foregoing counts constitute a violation of section 288 of the Penal Code and are contrary to the peace and dignity of the People of Porto Rico."

The *fiscal* would have done better, no doubt, in the matter of tenses, either to avoid the use of the present tense altogether, or else, in drafting the first and third counts, to follow the form adopted in the second; but, while such carelessness as the method actually employed would seem to indicate is not to be commended, we are unable to say that, fairly construed, the information can be regarded as charging different offenses committed at different times. Section 77, Code of Criminal Procedure; 18 C. J. 1253.

The judgment appealed from must be affirmed.